CASIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CASTLE ROCK HEF, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CIV-19-924-G |
| | ) | |
| v. | ) | |
| | ) | |
| CORBA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW Defendant, Corba, Inc. (hereinafter "Corba"), by and through the undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(3), moves this Court for an order dismissing Plaintiff's Complaint on the ground that venue is improper in the Western District of Oklahoma.

## I.   Introduction

Plaintiff filed the present Complaint in the United States District Court for the Western District of Oklahoma on October 7, 2019. Plaintiff's Complaint alleges breach of contract against Corba. Plaintiff further alleges claims for breach of fiduciary duty and breach of the duty of good faith and fair dealing arising from the alleged contract. Finally, Plaintiff asserts a claim for false representation against Corba. As discussed below, venue is not proper in the Western District of Oklahoma.

## II.   Argument and Authorities

Under 28 U.S.C. § 1391(b), venue for a civil action is limited to (1) a judicial district

in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

### A. Venue Is Not Proper Under 28 U.S.C. § 1391(b)(1)

Venue is not proper under 28 U.S.C. § 1391(b)(1), because Corba is not a resident of Oklahoma. For venue purposes, an entity is deemed to reside in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2). As discussed below, Corba is not subject to the personal jurisdiction of this Court, and therefore 28 U.S.C. § 1391 (b)(1) cannot form the basis for proper venue in the Western District of Oklahoma.

The sole conclusory allegation made by Plaintiff regarding a basis for personal jurisdiction over Corba is that Corba "reached out to the forum state repeatedly throughout the course of the parties' dealings and thus has sufficient minimum contacts with the forum state . . ."[1] This conclusion is insufficient to establish personal jurisdiction in the Western District of Oklahoma.

> "In ascertaining the facts necessary to establish [personal] jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits. However, only the

---

[1] Complaint [Doc. 1].

> well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true."

*Ten Mile Indus. Park v. Western Plains Serv. Corp.,* 810 F.2d 1518, 1524 (10th Cir. 1987).

Thus, in *Buckhannon v. Monarch Life Ins. Co.,* 1995 WL 43593 (10th Cir. February 2, 1995), the Tenth Circuit affirmed dismissal of plaintiff's complaint for a lack of personal jurisdiction, finding that allegations that "plaintiff's claims concern the transaction of insurance business within the state of Colorado, including the sale, payment of a claim and breach of a policy of disability income insurance," and that defendant "has also violated the laws of the State of Colorado by transacting business within the state without a license to do so," were "mere conclusory allegations, as opposed to well pled facts," and that such conclusory allegations did "not serve to fulfill plaintiff's burden of showing that the court could properly exercise personal jurisdiction over the defendant. *Buckhannon,* 1995 WL 43593 at *1. Likewise, Plaintiff's conclusory allegation that Corba "reached out to the forum state" is insufficient to satisfy Plaintiff's burden to show that this Court can exercise jurisdiction over Corba, such that Corba could be considered to be a resident of Oklahoma for purposes of 28 U.S.C. § 1391(b)(1).

"The test for exercising long-arm jurisdiction in Oklahoma is to determine first whether the exercise of jurisdiction is authorized by statute and, if so, whether such exercise of jurisdiction is consistent with the constitutional requirements of due process." *Yarbrough v. Elmer Bunker & Assoc.,* 669 F.2d 614, 616 (10th Cir. 1982) (quotation omitted). Because Oklahoma's long-arm statute provides that an Oklahoma court "may

exercise jurisdiction on any basis consistent with the Constitution of this state and the Constitution of the United States," the two-part inquiry collapses into a single due process analysis. OKLA. STAT. tit. 12, § 2004(F).

Under the Constitution, this Court may exercise personal jurisdiction over a non-resident defendant only where there exist sufficient minimum contacts between the defendant and the forum state. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts between the defendant and the forum state, or it may be general, in which case jurisdiction is based upon the "continuous or systematic" contacts between the defendant and the forum state. *See e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985); *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988).

However, under either theory the defendant's contacts must be substantial enough so that exercising personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (quotation omitted). This requirement is satisfied when, after reviewing a defendant's interactions and connections with the forum state, a court can conclude that the defendant has "purposefully availed itself of the protection and benefits of the laws of the forum state." *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Co-op.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (quotation omitted). "The sufficiency of a defendant's contacts must be evaluated by examining the defendant's conduct and connections with the forum state to assess whether the defendant has purposefully availed itself of the privilege of conducting

activities within the forum State." *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988) (quotation and citation omitted). "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state." *Rambo*, 839 F.2d at 1419 (quotation omitted).

Plaintiff has failed to allege any <u>facts</u> which would support a conclusion that this Court has jurisdiction over Corba under either specific or general personal jurisdiction, and thus, it has failed to allege sufficient facts to demonstrate that venue is proper in this Court under 28 U.S.C. § 1391 (b)(1).

> **1. Plaintiff Has Failed To Allege Any Facts To Support Specific Jurisdiction Such That Corba Could Be Considered A <u>Resident Of Oklahoma For Purposes Of Venue</u>**

A plaintiff satisfies minimum contacts under the specific jurisdiction requirement by showing that "(1) the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state … and (2) the litigation results from alleged injuries that arise out of or relate to those activities." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010) (quotation and citations omitted). Thus, at a very minimum, Plaintiff must allege and establish that Corba "purposefully directed" its activities at residents of Oklahoma and that Plaintiff's claims "arise out of" Corba's forum-related activities. *See Outdoor Channel, Inc. v. Performance One Media, LLC*, 826 F.Supp.2d 1271, 1280 (N.D. Okla. 2011) ("The 'arise out of' factor requires that there be a causal connection between a [non-resident] defendant's activities in the forum and the lawsuit."); *Covey v. Sys. USA, LLC*, 2012 WL 5246948 (E.D. Okla. 2012) (stating for a court to assert specific jurisdiction, "the defendant

must have purposefully directed activities toward the forum state, and the controversy must have arisen out of those contacts") (quotation omitted).

Applying the minimum contacts analysis here, Plaintiff has failed to allege any facts to show that this Court has personal jurisdiction over Corba. The Complaint alleges only that Corba "reached out to the forum state." Those conclusory allegations are insufficient to find that Corba "purposefully directed" any activities at residents in Oklahoma.

Moreover, Plaintiff cannot rely on its allegation that there was a contract between it and Corba to establish venue in Oklahoma. The general rule is that the mere existence of a contractual relationship between an out-of-state defendant and an in-state plaintiff does not suffice, in and of itself, to establish personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1077 (10th Cir. 2004) ("A contract between an out-of-state party and a resident of the forum state cannot, standing alone, establish sufficient minimum contacts with the forum."). "In a contract case, relevant factors for assessing minimum contacts include prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Benton*, 375 F.3d at 1077 (quotation omitted). Here, Plaintiff fails to allege any contact between Corba and Oklahoma other than the sole conclusion that Corba "reached out" to Oklahoma.

Plaintiff has failed to allege any facts that Corba purposefully availed itself of the Oklahoma forum because "[p]urposeful availment requires actions by the Defendant which

6

create a substantial connection with the forum state." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998) (quotation omitted). Because Plaintiff fails to allege any contacts between Corba and Oklahoma, Corba cannot be said to have purposefully directed its activities at Oklahoma residents such that it could be expected to be hauled into an Oklahoma court. As a result, Corba had no basis to anticipate that it would be required to defend an action in Oklahoma. Accordingly, this Court lacks specific personal jurisdiction over Corba, and therefore, venue in this Court is not proper under 28 U.S.C. § 1391(b)(2).

### 2. Plaintiff Has Failed To Allege Any Facts To Support General Jurisdiction Over Corba And Therefore Corba Is Not A Resident Of Oklahoma For Purposes Of Venue

In order to establish general jurisdiction, Plaintiff must allege sufficient facts to show that Corba's contacts with Oklahoma were "a sort that approximate physical presence in the state . . . ." *Shrader v. Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011) (quotation omitted). "[A] court does not have general jurisdiction over out-of-state (or foreign) business organizations unless 'their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" *Allen v. IM Solutions, LLC*, 83 F.Supp.3d 1196, 1203 (E.D. Okla. 2015) (*citing Daimler, AG v. Bauman*, 134 S.Ct. 746, 754 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

Here, Plaintiff has failed to allege that Corba has any contacts with Oklahoma that come even remotely close to the "continuous and systematic" presence required to create general jurisdiction. Plaintiff acknowledges in its Complaint that Corba is an Oregon

corporation with its principal place of business in Oregon. Moreover, Plaintiff has not alleged any <u>facts</u> that would suggest that Corba has any such "continuous and systematic" contacts with Oklahoma. This complete dearth of contact with Oklahoma is legally insufficient to confer general jurisdiction. *See Allen*, 83 F.Supp.3d at 1204 (finding no general jurisdiction over defendant who did not maintain offices or employ anyone in Oklahoma, owned no Oklahoma property and had no bank accounts in Oklahoma). Accordingly, this Court lacks general personal jurisdiction over Corba.

Because there are no facts alleged by Plaintiff in its Complaint to show a basis for personal jurisdiction, either specific or general, over Corba alleged in Plaintiff's Complaint, Plaintiff has failed to meet its burden to establish that Corba is a "resident" of Oklahoma under 28 U.S.C. § 1391(a)(2), and therefore venue is not proper in the Western District of Oklahoma under 28 U.S.C. § 1391(b)(1). *Ten Mile Indus. Park, supra; Buckhannon, supra.*

### B. <u>Venue Is Not Proper Under 28 U.S.C. § 1391(b)(2)</u>

Likewise, venue of this action is not proper under the second basis for venue, 28 U.S.C. § 1391(b)(2), because Plaintiff has failed to allege that any of the events or omissions giving rise to Plaintiff's claims occurred in the Western District of Oklahoma, much less a "substantial" part of those events.

### C. <u>Venue Is Not Proper Venue 28 U.S.C. § 1391(b)(3)</u>

Finally, this action could properly be brought against Corba in Oregon, the state of Corba's incorporation and the state in which it is headquartered. Therefore, venue in the

Western District of Oklahoma cannot be based on 28 U.S.C. § 1391(b)(3). *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165, n.10 (10th Cir. 2010).

Plaintiff has the burden of establishing that venue is proper in this district. *Mobeetie Resource Development LLC v. Polyflow, Inc.*, 1009 WL 2252117, at *2 (N.D. Okla. July 28, 2009). As discussed above, Plaintiff has failed to meet this burden by failing to allege any facts to support the propriety of venue in this Court.

### III.   Conclusion

For the reasons specified above, this Court should enter an order dismissing the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(3).

Respectfully submitted,

*/s/ Patrick L. Hullum*
Patrick L. Hullum
Ray E. Zschiesche
Phillips Murrah P.C.
Corporate Tower | 13th Floor
101 North Robinson
Oklahoma City, OK  73102
plhullum@phillipsmurrah.com
rezschiesche@phillipsmurrah.com
Telephone:  405-235-4100
Facsimile:   405-235-4133
***Attorney for Defendant Corba, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I electronically transmitted Defendant's Motion to Dismiss Plaintiff's Complaint to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Patrick R. Pearce, Jr.
rpearce@ryanwhaley.com

Stephen G. Gelnar
sgelnar@ryahwhaley.com

*/s/ Patrick L. Hullum*
Patrick L. Hullum